IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Shelbi Kilgore, Michael Schaber, and
John Howard, on behalf of themselves
and all others similarly situated,

    Plaintiffs,

v.                                         No. _____

Equifax Information Services, LLC,

    Defendant.

_____/

## CLASS ACTION COMPLAINT AND
## JURY TRIAL DEMAND

Plaintiffs Shelbi Kilgore, Michael Schaber, and John Howard, on behalf of themselves and all others similarly situated, by and through their attorneys, LAW OFFICES OF GEOFFREY R. ROMERO and ZEBROWSKI LAW, bring this action against Equifax Information Services, LLC, and hereby allege as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Shelbi Kilgore is an individual consumer currently residing in the city of Albuquerque, county of Bernalillo, state of New Mexico.

2. Plaintiff Michael Schaber is an individual consumer currently residing in the city of Albuquerque, county of Bernalillo, state of New Mexico.

3. Plaintiff John Howard is an individual consumer currently residing in the city of Santa Fe, county of Santa Fe, state of New Mexico.

4. Defendant Equifax Information Services, LLC, is organized under the laws of

1

Georgia, has a principal place of business in Georgia, and is licensed to conduct business, and in fact does conduct substantial business, in the state of New Mexico and directed at residents of the state of New Mexico.

5. This Court has jurisdiction over this matter per 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1337, 28 U.S.C. § 1367, and 15 U.S.C. § 1681p.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

7. Plaintiffs are individuals in New Mexico whose personal information was entrusted with Equifax, one of the three major credit reporting agencies.  Equifax broke that trust.  Equifax allowed hackers to make off with sensitive private personal information of Plaintiffs and millions of others across the nation.  Plaintiffs bring this suit on behalf of themselves and those in similar circumstances in the state of New Mexico seeking redress for the various wrongs committed by Equifax.

8. As one of the three major credit reporting agencies, Equifax collects and maintains sensitive private personal information of nearly half the population of the United States.  Equifax provides reports to credit issuers and employers, among others, under the limited circumstances allowed by law.  Equifax's business touches nearly every person seeking credit cards, a mortgage, auto financing, employment, etc.

9. Given the nature, extent, and sheer volume of sensitive private personal information entrusted to it, Equifax was and is required to maintain that information in a secure manner and out of the hands of unauthorized individuals and organizations.

10. Equifax is and has been well aware of the need to maintain the security of such sensitive private personal information.  For example, Equifax warns of the dangers of identity

theft (unauthorized use of sensitive private personal information, including for harassment or in the commission of fraud or other criminal acts) and sells credit monitoring services to the very people whose information it maintains.

11. The value of sensitive private personal information (used for criminal activities and sold on black markets), the effects of identity theft or potential identity theft as a result of unauthorized disclosure of sensitive private personal information (economic and emotional), the violation of privacy, the length of time over which theft may occur after disclosure, the difficulties caused, the time, money, and effort necessary to mitigate or correct, often unsuccessfully, are well known.  *See, e.g.,* https://www.consumer.ftc.gov/topics/identity-theft.

12. Yet since at least May, 2017, Equifax left individuals' most sensitive personal information (Social Security Numbers, addresses, credit and financial information, etc.) unprotected or inadequately protected from the prying eyes of third parties with no legitimate reason to possess the information.

13. Through its conduct and inaction, Equifax allowed hackers to obtain the sensitive private personal information of well over a hundred million people in the United States, including upon information and belief Plaintiffs and the members of the putative class of New Mexico residents.

14. According to Equifax's own records, Plaintiffs' sensitive private personal information was disclosed.

15. The hacking it appears was not sophisticated, but exploited a known vulnerability in software used by Equifax.

16. Equifax apparently failed to discover the breach of the sensitive private personal information entrusted to it until the end of July.  Equifax then waited over a month before it

announced the breach, preventing millions of people whose sensitive private personal information was released from taking efforts to mitigate the effects. In the meantime, several executives of Equifax dumped personal stock holdings in the company.

17. Upon announcing the breach, Equifax provided grossly inadequate and potentially unsecure means for individuals to determine if they were affected and offered a year of free credit monitoring through Equifax.

## CLASS ALLEGATIONS

18. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this class action on behalf of themselves and the following Class of similarly situated individuals:

> All persons residing in New Mexico whose sensitive private personal information was disclosed by Equifax to unauthorized and unknown third parties through hacking or similar means beginning in May, 2017, excluding Equifax's directors, officers, and employees (including affiliated companies), excluding the Court, its personnel and immediate family members, and excluding Plaintiffs' attorneys and staff.

19. Under Rule 23(a)(1), upon information and belief, given the breadth of the disclosure on a national basis, the putative Class is comprised of hundreds of thousands of New Mexicans, if not more. Joinder is impractical at those numbers. Certification of the Class and proceeding as a class action is efficient and in the interests of justice.

20. Under Rule 23(a)(2), there are common questions of law and fact as to the Class, including the following:

    a. Equifax's duties to the Class members to secure their sensitive private personal information entrusted to Equifax;

    b. Equifax's procedures and policies to protect against unauthorized access to the Class members' sensitive private personal information, or lack thereof;

   c.  The adequacy of Equifax's procedures and policies to protect against unauthorized access to the Class members' sensitive private personal information, and its conduct with respect to securing such information;

   d.  Whether Equifax acted willfully, negligently, grossly negligently, and/or recklessly with respect to securing Class members' sensitive private personal information from unauthorized disclosure;

   e.  Whether Equifax violated the Class members' right to privacy;

   f.  Whether Equifax's delay in notification to Class members and the rest of the public of the unauthorized disclosure was inappropriate.

  21. Under Rule 23(a)(3), the claims of the named Plaintiffs are typical of the claims of all Class members as Equifax's conduct and omissions were uniform and consistent and affected the Class members and their rights in near-identical ways.

  22. Under Rule 23(a)(4), the named Plaintiffs will fairly and adequately prosecute the claims and protect the interests of the Class.  Plaintiffs are committed to this cause and will pursue the litigation to protect and vindicate the interests of the Class members.  Plaintiffs have engaged counsel that has represented consumers and policyholders for decades, including individual cases and in class actions.

  23. This action may be maintained as a Class action under Rule 23(b)(1)(A) because the prosecution of separate actions by potentially hundreds of thousands or more individual Class members in New Mexico would create a great risk of inconsistent outcomes with differing and incompatible standards of conduct applied to Equifax.

  24. This action may be maintained as a Class action under Rule 23(b)(3) because the common questions of law or fact set forth above predominate over any questions affecting only

5

individual members.  Those questions focus on Equifax's conduct and inaction that affected the Class members and their rights in the same way through unauthorized disclosure of sensitive private personal information.  Class treatment is superior to other available methods for fairly and efficiently adjudicating the controversy.  There is no significant interest in individual Class members to pursue separate actions (in fact, individual prosecutions would be difficult and costly), this is believed to be the first New Mexico Class action against Equifax, given the New Mexico law claims included in this case, litigation in this forum is desirable, and management of this matter as a Class action is feasible and should not pose any particular difficulties that would militate against Class action treatment.  The members of the Class will not be difficult to ascertain, given the specificity and extent of the information entrusted to and maintained by Equifax and given Equifax's knowledge of the hacking event(s).

25. This action may be maintained as a Class action under Rule 23(b)(2) because Equifax has acted or refused to act on grounds applicable to the entire Class, including in its response to the unauthorized disclosure.  Injunctive and declaratory relief regarding steps Equifax took or should take is appropriate as to the entire Class.

## COUNT I

## VIOLATION OF FAIR CREDIT REPORTING ACT

26. Plaintiffs incorporate by reference paragraphs 1-25 as if fully set forth herein.

27. The Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.,* was designed to require consumer reporting agencies such as Equifax to adopt and maintain procedures for "maintaining the confidentiality … and proper utilization" of sensitive private personal information (including "consumer credit, personnel, insurance, and other information"), among other purposes. 15 U.S.C. § 1681(b); 15 U.S. Code § 1681e(a).

28. The Act strictly limits the purposes and circumstances under which sensitive private personal information may be disclosed. 15 U.S.C. § 1681b.

29. Equifax is well aware of its obligations and duties and of the sensitive private personal information with which it is entrusted. *See, e.g.,* http://www.equifax.com/privacy/fcra/. Equifax is well aware of the steps and precautions necessary to prevent unauthorized access of such information. Equifax is well aware of the consequences of unauthorized disclosure of such information. Equifax touts itself as one of the means of defense and protection to identity theft.

30. Equifax did not have in place proper and adequate procedures to limit the disclosure of sensitive private personal information (including that of Plaintiffs and the Class members) to unauthorized individuals or groups for purposes beyond the strict limitations of the Act.

31. Equifax failed to have in place proper and adequate software and other procedures or methods to ensure that hackers could not gain access to sensitive private personal information of millions of people through a known software vulnerability, including information of Plaintiffs and the Class members.

32. Equifax failed to ensure that the sensitive private personal information of Plaintiffs and the Class members was not disclosed to unauthorized individuals but instead willfully, recklessly, and/or negligently allowed hackers through unsophisticated methods to obtain such information.

33. Equifax has violated the Act willfully, recklessly, and/or negligently by failing to have in place proper preventive measures.

34. Equifax has violated the Act willfully, recklessly, and/or negligently by allowing hackers to obtain sensitive private personal information of Plaintiffs and Class members.

35. As a direct and proximate result of Equifax's violations of the Act, Plaintiffs and Class members suffered damages. Damages include, without limitation, time, effort, and expense to take measures to mitigate identity theft and its possibility, including credit freezes, fraud alerts, credit monitoring, and/or identity theft insurance, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm.

## COUNT II

## INVASION OF PRIVACY

36. Plaintiffs incorporate by reference paragraphs 1-35 as if fully set forth herein.

37. Under New Mexico law, Plaintiffs and the Class members have both common law and statutory rights to privacy.

38. The invasion of the right to privacy under the common law is actionable in tort.

39. By statute, New Mexico provides for protection of Social Security Numbers. N.M. St. § 57-12B-1 ("Privacy Protection Act").

40. The Act requires that a "company acquiring or using social security numbers of consumers shall adopt internal policies that: (1) limit access to the social security numbers to those employees authorized to have access to that information to perform their duties…." N.M. St. § 57-12B-3(D)(1).

41. The Act prohibits disclosure of "the entirety of a social security number … to the general public." N.M. St. § 57-12B-4.

42. Equifax invaded and facilitated the invasion of the privacy of Plaintiffs and Class members through its unauthorized disclosure of, and failure to secure and protect, sensitive private personal information, as described above.

43. Equifax published and disclosed private facts about Plaintiffs and Class members, including sensitive private personal information, as described above.

44. There is no legitimate public interest in Equifax's unauthorized disclosure of sensitive private personal information of Plaintiffs and Class members. Disclosure and revelation of Social Security Numbers, credit information, addresses, and other sensitive private personal information is offensive and concerning.

45. Equifax has violated New Mexico statutory requirements by failing to adopt and maintain procedures limiting access to Social Security Numbers and by disclosing full Social Security Numbers to the public, as outlined above.

46. Equifax's actions and its inadequate, delayed, and improper response to the unauthorized disclosure constitutes ongoing invasion of the privacy rights of Plaintiffs and Class members.

47. As a direct and proximate result of Equifax's violations of the Act and common law, Plaintiffs and Class members suffered damages. Damages include, without limitation, time, effort, and expense to take measures to mitigate identity theft and its possibility, including credit freezes, fraud alerts, credit monitoring, and/or identity theft insurance, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm.

## COUNT III

## NEGLIGENCE AND GROSS NEGLIGENCE

48. Plaintiffs incorporate by reference paragraphs 1-47 as if fully set forth herein.

49. Equifax owed a duty of reasonable care in protecting the sensitive private personal information of Plaintiffs and Class members from unauthorized disclosure.

50. Equifax owed a duty of reasonable care to Plaintiffs and Class members to discover hacking of sensitive private personal information.

51. Equifax owed a duty of reasonable care to Plaintiffs and Class members to promptly notify them of the unauthorized disclosure of sensitive private personal information and take other steps to mitigate the harms from the unauthorized disclosure.

52. Equifax breached its duties to Plaintiffs and Class members as outlined above.

53. Equifax was well aware of the dangers of unauthorized disclosure or access to sensitive private personal information and has touted itself as and sold protection against the effects of identity theft. Equifax's conduct and inaction regarding the sensitive private personal information with which it was entrusted constitute gross negligence and recklessness.

54. As a direct and proximate result of Equifax's violations of the Act and common law, Plaintiffs and Class members suffered damages. Damages include, without limitation, time, effort, and expense to take measures to mitigate identity theft and its possibility, including credit freezes, fraud alerts, credit monitoring, and/or identity theft insurance, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm.

## COUNT IV

### VIOLATIONS OF NEW MEXICO UNFAIR TRADE PRACTICES ACT

55. Plaintiffs incorporate by reference paragraphs 1-54 as if fully set forth herein.

56. The New Mexico Unfair Trade Practices Act prohibits "[u]nfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce." N.M. St. 57-12-3.

57. The Act defines "unfair or deceptive trade practice" as "an act specifically declared unlawful pursuant to the Unfair Practices Act, a false or misleading oral or written

statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by a person in the regular course of the person's trade or commerce, that may, tends to or does deceive or mislead any person…." N.M. St. § 57-12-2.

58. The Act also sets forth specific examples of unlawful conduct, including the following:

> (4) using deceptive representations or designations of geographic origin in connection with goods or services;(5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that the person does not have;
> (7) representing that goods or services are of a particular standard, quality or grade or that goods are of a particular style or model if they are of another;
> (14) using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive;
> (15) stating that a transaction involves rights, remedies or obligations that it does not involve….

N.M. St. § 57-12-2.

59. Equifax has engaged in the trade and commerce in and affecting the people of New Mexico and has engaged in the sale of goods or services, including to Class members.

60. Equifax engaged in deceptive acts or practices through misrepresentations and omissions regarding its protection of sensitive private personal information, its services with respect to such information, its procedures and practices for protection against unauthorized disclosure or lack thereof, its ability and capability to counteract and provide protection against identity theft and its consequences, the unauthorized disclosure of sensitive private personal information that occurred beginning in May, 2017, the vulnerability of the sensitive private personal information of Plaintiffs and Class members to unauthorized disclosure, including through uncomplicated exploitation of a known software vulnerability, the delay and reasons for

delaying in notifying Plaintiffs and Class members regarding the breach, the quality and nature of the remedies it proposed, and failing and refusing to provide full and prompt information regarding the unauthorized disclosure.

61.     Equifax was well aware of its lack of adequate procedures, practices, software, etc., knew of the high risk and vulnerability of the sensitive private personal information with which it was entrusted, and knew that its operations and procedures failed to meet legal and industry standards.

62.     Equifax's conduct, representations, inactions, and omissions were willful, reckless, and/or negligent.

63.     As a direct and proximate result of Equifax's violations of the Act, Plaintiffs and Class members suffered damages.  Damages include, without limitation, time, effort, and expense to take measures to mitigate identity theft and its possibility, including credit freezes, fraud alerts, credit monitoring, and/or identity theft insurance, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm.

64.     Furthermore, Plaintiffs and Class members continue to be harmed and damaged and are likely to be damaged by Equifax's unfair trade practices and thus are entitled to injunctive relief.

## RELIEF REQUESTED

Plaintiffs, on behalf of themselves and Class members, seek the following relief:

1.      Certification of the Class as set forth in the Class Allegations above, appointment of Plaintiffs as Class representatives, and appointment of undersigned counsel as Class counsel;

2.      Compensatory damages, actual, consequential, and/or statutory;

3.      Special damages;

4. Exemplary/punitive damages;

5. Costs, interest, attorney fees;

6. Injunctive relief requiring Equifax to halt its inadequate protections and to immediately comply with its duties and obligations to Plaintiffs and Class members, including adequate procedures to protect sensitive private personal information from unauthorized disclosure; and

7. Such other and further relief that this Court deems just and proper.

Dated:  September 14, 2017

Respectfully Submitted,

/s/ Geoffrey R. Romero
Geoffrey R. Romero (NM State Bar #6697)
LAW OFFICES OF GEOFFREY R. ROMERO
4801 All Saints Rd. NW
Albuquerque, NM 87120
(505) 247-3338
Geoff26@hotmail.com

Paul Zebrowski (NM Fed. Bar No. 17-47)
Thomas A. Biscup (NM Fed. Bar No. 17-26)
ZEBROWSKI LAW
4801 All Saints Rd. NW
Albuquerque, NM 87120
(505) 715-5161
paul@zebrowskilaw.com
tom@zebrowskilaw.com

## **JURY TRIAL DEMAND**

Plaintiffs, on behalf of themselves and all others similarly situated, respectfully demand a trial by jury on all of the claims and causes of action so triable.

Dated:  September 14, 2017

Respectfully Submitted,

/s/ Geoffrey R. Romero
Geoffrey R. Romero (NM State Bar #6697)
LAW OFFICES OF GEOFFREY R. ROMERO
4801 All Saints Rd. NW
Albuquerque, NM 87120
(505) 247-3338
Geoff26@hotmail.com

Paul Zebrowski (NM Fed. Bar No. 17-47)
Thomas A. Biscup (NM Fed. Bar No. 17-26)
ZEBROWSKI LAW
4801 All Saints Rd. NW
Albuquerque, NM 87120
(505) 715-5161
paul@zebrowskilaw.com
tom@zebrowskilaw.com